IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEROY ALFONSO JOSEPH, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § § | |
| SAN ANTONIO POLICE DEPARTMENT, RUSELL GARZA, #0174; HARRY GONZALES, #2372; TERRY MOTEN, #2215; JUDGE CATHERINE TORRES-STAHL, PRESIDING JUDGE; DAVID G. BAKER, TEXAS DEPARTMENT OF PUBLIC SAFETY DEPUTY DIRECTOR; CATHERINE VALENZUELA, ATTORNEY; AND BRANDON T. RAMSEY, SAN ANTONIO DISTRICT ATTORNEY; | § § § § § § § § § § § § § § | SA-19-CV-00939-XR |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed August 5, 2019 [#1]. The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a more definite statement before ordering service on Defendants.

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed but receives approximately $800 per month in disability payments.  Plaintiff claims no assets or savings and lists over $30,000 in debts.  The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Complaint sues various officers with the San Antonio Police Department, District Attorney Brandon Ramsey, attorney Catherine Valenzuela, Bexar County Judge Catherine Torres, and Deputy Director David Baker, in their official capacities, for his wrongful arrest and subsequent detention.  (Orig. Compl. [#1-1] at 1–6.)  Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights under color of law.  (*Id.* at 4.)  Plaintiff contends he was detained for ten months based on a falsified legal document and the perjured testimony of District Attorney Ramsey before a grand jury to obtain a false indictment.  (*Id.* at 6–

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

7.) Plaintiff accuses his attorney Catherine Valenzuela of refusing to file anything on his behalf in defense against the charges brought against him. (*Id.* at 8.) Plaintiff seeks $250,000 in compensatory damages and $5,000,000 in punitive damages. (*Id.* at 9.)

Having reviewed Plaintiff's Complaint, the Court has identified several issues with Plaintiff's allegations, which may be complete bars to his claims. The Court explains each of these issues in turn.

**A.     Plaintiff's Complaint is likely time barred.**

First, Plaintiff's Complaint is likely barred by the governing statute of limitations, meaning Plaintiff's lawsuit was filed too late for it to be considered by the Court. Plaintiff's Complaint alleges that the Defendant officers delivered papers to his house on May 19, 2015, threatening him with jail time. (*Id.* at 6.) Plaintiff states he was actually arrested on October 16, 2016, spent ten months in jail, and was released on August 4, 2017. (*Id.* at 6, 8.)

Section 1983 does not prescribe a statute of limitations. Instead, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Piotrowski*, 237 F.3d at 576. Under our law, the limitations period begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (citations omitted). The plaintiff must know of the injury and the causal connection between the defendant and the injury. *Piotrowski*, 237 F.3d at 576.

A Section 1983 claim of false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings (as here), begins to run at the time a plaintiff becomes

3

detained pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Plaintiff's Complaint alleges his detention began on October 16, 2016, almost three years prior to the filing of this lawsuit. Accordingly, any claim of false arrest is time barred. Insofar as Plaintiff is alleging false imprisonment under Section 1983, this claim is also time barred, as such a claim also accrues at the inception of Plaintiff's detention. *Villegas v. Galloway*, 458 Fed. App'x 334, 338 (5th Cir. 2012).

**B.     Certain Defendants are likely immune from this suit.**

Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity is not overcome by allegations of bad faith or malice. *Id.* The only exceptions to this immunity doctrine are where a judge takes nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, or where a judge's actions (though judicial in nature) are taken in complete absence of jurisdiction (the judicial authority to hear and rule on a case). *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Plaintiff's Complaint appears to attempt to sue Bexar County Judge Catherine Torres for her actions during his criminal case. For these acts, Torres would enjoy immunity from suit unless Plaintiff can allege additional acts suggesting an exception to her immunity applies.

Prosecuting attorneys, like the district attorney named in this lawsuit, also enjoy absolute immunity from suit in many circumstances. "A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in his or her role as advocate for the state in the courts, or when his or her conduct is intimately associated with the judicial phase of the criminal process." *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) (internal quotations omitted). *See also Imbler v. Pachtman*, 424 U.S. 409, 430–431 (1976). "On the other hand, a prosecutor is afforded only qualified immunity for acts performed in the course of

'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Loupe*, 824 F.3d at 539 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Plaintiff's Complaint does not suggest that District Attorney Brandon Ramsey was performing administrative duties or investigatory functions when he sought an indictment before a grand jury, which marks the initiation of judicial proceedings. Unless Plaintiff has additional allegations against Ramsey, his claims against this Defendant would also be barred by the doctrine of official immunity.

**C.     Plaintiff cannot sue his criminal-defense attorney in a Section 1983 action.**

Plaintiff's Complaint attempts to sue his criminal-defense attorney, Catherine Valenzuela, for ineffective assistance of counsel. It is unclear from Plaintiff's Complaint whether Valenzuela was privately retained, appointed, or a public defender. Regardless of these distinctions, Valenzuela is not a state actor who can be sued under Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 303 (2001) (explaining that a public defender does not act on behalf of the State but is rather a state adversary). Valenzuela may only be held liable under Section 1983 if she acted jointly with the state or one of its agents. *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). Plaintiff has not pleaded any such facts. Accordingly, Plaintiff's claims against Valenzuela are likely subject to dismissal unless Plaintiff has additional facts regarding her conspiracy with state actors in obtaining his conviction.

Due to these identified deficiencies, the Court will order Plaintiff to file a more definite statement within 21 days of this Order to clarify his allegations against Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. However, <u>service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. In this More Definite Statement, Plaintiff should respond to the following questions:

(1) Please clarify the dates at issue in this lawsuit. What occurred on May 19, 2015? When were you indicted? When were you arrested? Were you detained upon your arrest? When was your criminal trial and conviction or your entry of a plea of guilty? Was your term of imprisonment from October 16, 2016 to August 4, 2017?

(2) Please list each individual Defendant you are suing and explain in a few sentences the specific actions each of these Defendants took with respect to your prosecution, arrest, and imprisonment, and how you were harmed by their actions.

Plaintiff shall include the following declaration at the end of his more definite statement:

---

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this day of 2019.

_____
Signature of Plaintiff

---

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b).  If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 13th day of August, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE